**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1352**

———————

KEVIN C. BETSKOFF, SR., on behalf of himself,

              Plaintiff - Appellant,

     v.

BANK OF AMERICA NATIONAL ASSOCIATION,

              Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:12-cv-01998-CCB)

———————

Submitted: August 20, 2013         Decided: August 26, 2013

———————

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kevin C. Betskoff, Sr., Appellant Pro Se.   Mark W. Kinghorn, MCGUIREWOODS, LLP, Charlotte, North Carolina; Craig Robert Haughton, MCGUIREWOODS, LLP, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin C. Betskoff, Sr., appeals the district court's orders declining to remand to Maryland state court his suit against Bank of America, dismissing his complaint for failure to state a claim, and denying his motion to reconsider. We affirm.

Given that Betskoff's complaint established both diversity and federal question jurisdiction, the district court properly denied Betskoff's motion to remand the case to state court. See 28 U.S.C. § 1441(a), (b) (2006); Francis v. Allstate Ins. Co., 709 F.3d 362, 366-67 (4th Cir. 2013). Nor did the district court abuse its discretion in exercising supplemental jurisdiction over his closely associated state law claims. See 28 U.S.C. § 1367(a) (2006); Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011).

We also conclude that the district court properly granted Bank of America's Fed. R. Civ. P. 12(b)(6) motion to dismiss. As the district court observed, Betskoff's attempts to assert claims under the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to 14-204 (LexisNexis 2005), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 to 13-501 (LexisNexis 2005 & Supp. 2012), and the Truth In Lending Act, 15 U.S.C. § 1666h(a) (2006), must each fail because the statutory schemes in question protect only consumer credit transactions; they do not provide causes of

action relating to credit transactions between corporate entities. See Md. Code Ann., Com. Law § 14-201(c) (LexisNexis 2005); Md. Code Ann., Com. Law §§ 13-101(c)-(d), 13-303 (LexisNexis Supp. 2012); 15 U.S.C. §§ 1603(1), 1666h(a) (2006). By Betskoff's own representation, the bank account involved in his suit is a corporate account belonging to a limited liability company, and the debt that was offset by Bank of America had accrued on a credit card associated with that corporate account. The three statutory schemes that he attempts to invoke are therefore inapplicable to his circumstances.

As for Betskoff's state law conversion claim, we recognize that a defendant may commit conversion even if acting in "good faith" and without "any consciousness of wrongdoing." Nickens v. Mount Vernon Realty Group, LLC, 54 A.3d 742, 757 (Md. 2012) (citation omitted). Yet Betskoff's claim must fail because Maryland law established that money, as an intangible, is not subject to a claim for conversion unless "a plaintiff can allege that the defendant converted specific segregated or identifiable funds." Allied Inv. Corp. v. Jasen, 731 A.2d 957, 966 (Md. 1999); see also Darcars Motors of Silver Spring, Inc. v. Borzym, 841 A.2d 828, 833 n.3 (Md. 2004). Because Betskoff's funds were commingled with others not only when he deposited them into a third party's account but also when Bank of America used the account funds to offset the credit card delinquency,

3

"the cash los[t] its specific identity" such that, under Maryland law, it no longer retained the discrete, unitary identity necessary for Betskoff's interests in it to be redressed under a theory of conversion. Allied Inv. Corp., 731 A.2d at 967; Lasater v. Guttmann, 5 A.3d 79, 88 (Md. Ct. Spec. App. 2010).

Finally, Betskoff's claim for intentional infliction of emotional distress is also doomed, as Bank of America would not be liable even if it did what the complaint alleges: It would not be "extreme and outrageous" for Bank of America to offset a debt associated with a bank account with funds that were deposited in that account, especially as Betskoff has admitted that Bank of America did not know the true source of the funds. See Manikhi v. Mass Transit Admin., 758 A.2d 95, 113 (Md. 2000) (discussing elements).

Accordingly, although we grant Betskoff leave to proceed in forma pauperis, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED

4